UNITED STATES BANKRUPTCY COURT
District of New Jersey

Albert Russo
Cn 4853
Trenton, NJ  08650
(609) 587-6888
Standing Chapter 13 Trustee

**Order Filed on January 12, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Peter M. Walsh
Mary Walsh

Debtor(s)

Case No.: 18-16895 / MBK

Hearing Date:  01/05/2021

Judge: Michael B. Kaplan

Chapter: 13

## ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: January 12, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 11/24/2020, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 68 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$11,336.00 PAID TO DATE

$521.00 for 35 months beginning 2/1/2021

**ORDERED** that the case is confirmed with a calculated plan funding of $29,571.00 which includes a minimum of $2,856.00 dividend to general unsecured creditors.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified below:

NO EXCEPTIONS

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** that, notwithstanding the order of distribution set forth in the plan, the Trustee disbursements shall be made pursuant to the following order of distribution: administrative claims, secured claims, priority claims, general unsecured claims.

**ORDERED** as follows:

The plan length is extended to a total of 68 months pursuant to the Cares Act.

United States Bankruptcy Court
District of New Jersey

In re:                                                                                    Case No. 18-16895-MBK
Peter M. Walsh                                                                            Chapter 13
Mary Walsh
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin          Page 1 of 2
Date Rcvd: Jan 12, 2021      Form ID: pdf903      Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 14, 2021:**

**Recip ID**      **Recipient Name and Address**
db/jdb      + Peter M. Walsh, Mary Walsh, 237 Katie Lynn Court, Brick, NJ 08723-6353

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 14, 2021          Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 12, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Albert Russo | docs@russotrustee.com |
| Albert Russo | on behalf of Trustee Albert Russo docs@russotrustee.com |
| Elizabeth L. Wassall | on behalf of Creditor WELLS FARGO BANK N.A. ewassall@logs.com, njbankruptcynotifications@logs.com;logsecf@logs.com |
| Elizabeth L. Wassall | on behalf of Loss Mitigation WELLS FARGO BANK ewassall@logs.com njbankruptcynotifications@logs.com;logsecf@logs.com |
| Eugene D. Roth | on behalf of Debtor Peter M. Walsh erothesq@gmail.com |

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 2 of 2 |
| Date Rcvd: Jan 12, 2021 | Form ID: pdf903 | Total Noticed: 1 |

Eugene D. Roth
    on behalf of Joint Debtor Mary Walsh erothesq@gmail.com

Jonathan C. Schwalb
    on behalf of Creditor Wilmington Trust National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2016-1 bankruptcy@friedmanvartolo.com

Jonathan C. Schwalb
    on behalf of Creditor Fay Servicing LLC bankruptcy@friedmanvartolo.com

Kevin Gordon McDonald
    on behalf of Creditor Wilmington Trust National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2016-1 kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 10